IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS TIEFENTHALER, on behalf of themselves and others similarly situated, | :<br>: CIVIL ACTION FILE NO. |
| Plaintiff, | : |
| v. | : **COMPLAINT – CLASS ACTION** |
| AUTO CONSUMER SOLUTIONS LLC | : |
| Defendant. | : **JURY TRIAL DEMANDED** |

Plaintiff Hans Tiefenthaler (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign Auto Consumer Solutions, LLC ("Auto Consumer Solutions") to market their services through the use of pre-recorded telemarketing calls in plain

violation of the TCPA. Furthermore, such calls were made to residential telephone numbers, like the Plaintiff's, despite their presence on the National Do Not Call Registry.

3.  Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.  Plaintiff Hans Tiefenthaler is a resident of the Commonwealth of Massachusetts and resides in this District.

6.  Defendant Auto Consumer Solutions LLC is a Nevada limited liability company and has a managing member of Alfredo Gutierrez with an address of 37 Richmond in Irvine, CA 92620.

## JURISDICTION AND VENUE

7.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.  Auto Consumer Solutions is subject to specific personal jurisdiction because it made telemarketing calls to the Plaintiff and as a result directed their conduct into this District.

9.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because as calls were made into this District.

## TCPA BACKGROUND

<u>Calls Made Using a Pre-Recorded Message</u>

10. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

12. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

13. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

17. Defendant Auto Consumer Solutions is a "person" as the term is defined by 47 U.S.C. § 153(39).

18. At no point has the Plaintiff sought out or solicited information regarding Auto Consumer Solutions services prior to receiving the pre-recorded calls at issue.

Calls to Plaintiff

19. Plaintiff Tiefenthaler's telephone number, 608-XXX-0111, is registered to a cellular telephone service.

20. The number is not associated with a business.

21. The number has been on the National Do Not Call Registry for more than a year prior to the calls in this case.

22. The Defendant contacted the Plaintiff on February 22, 2021 and February 23, 2021.

23. Both calls came from the same Caller ID number, (608) 447-4211.

24. When the Plaintiff answered, the call played a pre-recorded message.

25. The pre-recorded message did not identify the caller.

26. The pre-recorded message stated that an automobile warranty is expired and they have tried to contact the Plaintiff.

27. The Plaintiff responded to the pre-recorded message and engaged the telemarketer to learn their identity.

28. The Plaintiff spoke with the Defendant.

29. The Defendant asked the Plaintiff about a prior address of his in Massachusetts and a 2014 Toyota Corolla while promoting their services.

30. The caller told the Plaintiff that their website is: https://www.warrantyprotectioncompany.com/.

31. This is a website owned by the Defendant.

32. Other individuals have complained about receiving calls from that number. *See* https://phonespam.report/for-608-447-4211(Last Visited February 24, 2021).

33. Indeed, other individuals have complained to the Better Business Bureau about the Defendant's calling practices:

> Mary D
> (1 star)
> 02/09/2021
> They keep calling will not take you off calling list

5

Daryl S
(1 star)
01/21/2021
I received an illegal robocall in violation of the Telephone Consumers Protection Act on January 14, 2021. I was transferred to Vashti S****** after expressing interest in buying a policy. I bought a policy that day to try to get more information on the company. I tried calling the company back six times and every time the call was answered by the "call center rollover" which is a Filipino call center. I left word every time to be contacted because I wanted to get more information on the policy. I apparently asked too many questions because I received notice from the company that I was receiving a refund. I never asked to cancel the plan and I never received the policy. I suspect they did this because they want to withhold information from their customers. No one ever called me back and now the number on this listing is no longer in service. They obviously are scamming people. I will be suing them for violation of the TCPA because their call center called me illegally.

*See* https://www.bbb.org/us/ca/irvine/profile/auto-warranty-plans/warranty-protection-services-1126-1000080198/customer-reviews (Last Visited February 24, 2021).

## CLASS ACTION ALLEGATIONS

34.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

35.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

36.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Pre-Record Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified, (2) received one or more calls on their cellular telephone (3) from or on behalf of the Auto Consumer Solutions, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.
>
> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days,

6

(2) but received more than one telephone solicitation telemarketing call from or on behalf of the Auto Consumer Solutions, (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Classes as he has interests that do not conflict with any of the class members.

38. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

39. This Class Action Complaint seeks injunctive relief and money damages.

40. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

41. Plaintiff do not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class. The joinder of all such Class members is impracticable due to the size and relatively modest value of each individual claim.

42. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

44. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether a pre-recorded message was used to send calls;

    (b) whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Classes;

    (c) whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (d) whether Defendant's conduct constitutes a violation of the TCPA; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

45. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

47. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Class**

48. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

49. The Defendant violated the TCPA by sending, or causing to be sent via an agent, pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

50. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

52. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from using a pre-recorded voice in the future, except for emergency purposes.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(d))**
**on behalf of the National Do Not Call Registry Class**

53. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54. Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing pre-recorded calls within a 12-month period on Defendant's

behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

55. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

57. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using a prerecorded voice in the future;

B. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Robocall Class member up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C.      As a result of Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

D.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By their attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com